UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL W. WAGNER, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-059-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SARAH P. ABBOTT, P.A., et al., | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants removed this matter from Fayette Circuit Court on February 26, 2021, based on federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1446. Although the medical negligence case had been pending in state court since August 1, 2019, the plaintiff amended his Complaint on February 1, 2021, to add a claim alleging violations of the Emergency Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Specifically, he alleged that Defendants Saint Joseph Health System, Inc. d/b/a Saint Joseph Hospital, KentuckyOne Health, Inc., and their agents breached their duty to conduct an appropriate medical screening and provide appropriate medical stabilization under EMTALA.

Plaintiff Wagner filed a motion to remand the matter to state court on March 29, 2021. [Record No. 16] Wagner contends that he only asserted the EMTALA claim "out of an abundance of caution" because the deadline for amending pleadings was approaching. He now asserts, after further evaluation, that the EMTALA claim does not "merit pursuit due to the

similarly pending state law claims." [Record No. 21] Accordingly, Wagner agrees to dismiss the claim alleging violations of EMTALA.[1]

The defendants oppose Wagner's motion to remand. They correctly note that subject matter jurisdiction is determined at the time of removal, so Wagner's post-removal agreement to drop the EMTALA claim does not deprive the Court of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Instead, it is within the Court's discretion to exercise supplemental jurisdiction over the remaining state-law claims or to remand the case to state court. *See* 28 U.S.C. § 1367(c)(3); *Harper*, 392 F.3d at 211.

The Sixth Circuit has identified a number of factors to consider in making this decision. First, the "district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Harper*, 392 F.3d at 211 (quoting *Landelfeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). The Court "also may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply deleting all federal-law claims from the complaint and requesting that the district court remand the case." *Id.* The Sixth Circuit has stated as a "rule of thumb" that when "all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Thomas v. Baptist Health Medical Grp.*, 2021 WL 232590, *1 (E.D. Ky. Jan. 22, 2021) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

---

[1] Wagner agrees to dismiss the EMTALA claim without prejudice. The plaintiffs oppose remand, but have not voiced any particular objection to dismissal of the EMTALA claim.

Each of these factors weighs in favor of remand. Unlike the state court, this Court has not invested substantial time or resources in this matter. The plaintiff filed his motion to remand just one month after the defendants removed it to this Court. The matter has been pending here for only 67 days and the Court has not issued any substantive rulings. Conversely, the case was pending in state court for approximately 18 months prior to removal. The state court had issued a scheduling order under which the deadline for amending pleadings had expired and fact discovery was set to conclude on August 2, 2021. [Record No. 16-1]

Although the defendants oppose remand, they have not identified any reasons this Court should decide the plaintiff's medical negligence claims. Keeping the case in this Court would work against judicial economy and would cause this Court to needlessly decide issues of state law. Further, the defendants do not suggest that the plaintiff has engaged in forum manipulation by agreeing to dismiss his EMTALA claim.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Plaintiff Michael W. Wagner, II's claims arising under EMTALA are **DISMISSED**, without prejudice.

2. The plaintiff's motion to remand [Record No. 16] is **GRANTED**.

3. This matter is **REMANDED** to Fayette County Circuit Court.

Dated: May 3, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky